IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re Application of Danieli & C. Officine Meccaniche S.p.A., <br><br> Petitioner, <br><br> v. <br><br> SMS group, LLC, <br><br> Respondent, <br><br> SMS group, Inc., <br><br> Movant. | Misc. No. 18-372 <br> Judge Nora Barry Fischer |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Movant SMS group, Inc.'s ("SMS") Motion to Stay Subpoena Issued Ex Parte, (Docket No. [6]), its Brief in Support, (Docket No. [7]), Danieli & C. Officine Meccaniche, S.p.A.'s ("Danieli") Memorandum of Law in Opposition, (Docket No. [9]), SMS' Reply Brief, (Docket No. [13]), and the supporting documents provided by both parties including the translation of the Italian Court's Order. After careful consideration of the parties' arguments and for the following reasons, SMS' Motion to Stay [6] is DENIED.

At the outset, the Court recognizes its broad discretion to stay proceedings in light of parallel litigation and has done so in appropriate cases, including instances where the parallel court will potentially decide an issue which is dispositive to the matters before this Court. *See e.g., In re Pittsburgh Corning Corp.*, Civ. A. Nos. 11-1406, 11-1452, 11-1439, 2012 WL 2368388, (W.D. Pa. Jun. 21, 2012) (staying bankruptcy appeals in light of related cases involving same legal issues in District of Delaware); *Wonderland Nurserygoods Co., Ltd. v. Thorley Ind., Inc.*, 2014 WL 695549 (W.D. Pa. Feb. 24, 2014) (staying patent case due to

1

pending reexamination proceedings on appeal before the Federal Circuit). Among other things, such stays promote comity between the courts and serve the interests of judicial economy, preserving scarce judicial resources to focus on matters which will not be decided in other tribunals. *See id.*

With respect to the instant matter, Danieli has brought a lawsuit in Venice, Italy against German and Italian affiliates of SMS alleging patent infringement and unfair competition. (Docket No. 1 at 5). Danieli essentially claims that its MIDA "micromill" technology which is protected by apparatus and method patents in Europe (as well as the U.S.) is being infringed by SMS' CMT 300 technology that it is marketing for sale in Europe. (*Id.* at 3-5). SMS also put forth a competing bid for a contract in the U.S. with Nucor Corporation which was ultimately awarded to Danieli. (*Id.* at 4-5). Danieli's infringement concerns arise from such activities coupled with the fact that several of its former key employees involved with developing the MIDA technology left to work for SMS. (*Id.* at 4). Pursuant to its *ex parte* application under 28 U.S.C. § 1782, and after considering the statutory and discretionary factors as to same, this Court authorized Danieli to issue a subpoena on SMS, seeking documents related to the Nucor bid for use in the litigation before the Italian courts. (Docket No. 2). SMS has sought a stay of the subpoena, arguing that Danieli is seeking to circumvent potential discovery rulings by the Italian court which may rule on a motion it filed <u>after</u> it received the subpoena in advance of or at a July 4, 2018 hearing that discovery of the type sought here is impermissible. (Docket Nos. 6, 7). In opposition, Danieli claims that it will be prejudiced if the stay is ordered because it will effectively defeat the subpoena, precluding it from using any responsive documents at the July 4, 2018 hearing. (Docket No. 9). SMS counters in reply that the documents are not presently

necessary given the early stage of the Italian litigation which its counsel does not believe is akin to a preliminary injunction hearing or trial in our courts. (Docket No. 13).

In this Court's estimation, a stay of the subpoena is not appropriate in this case as SMS' reasons for requesting the stay relate to matters that the Court of Appeals has recognized constitute non-dispositive discretionary factors under § 1782. As the Court of Appeals recognized in *Kulzer v. Esschem, Inc.*:

> [w]hile a district court is not obliged to evaluate whether the requests in a § 1782 application comply with the foreign country's discovery laws, *In re Letter of Request from Amtsgericht Ingolstadt*, 82 F.3d 590 (4th Cir. 1996), a litigant may not willfully circumvent foreign discovery restrictions. *In re Court of Comm'r of Patents for Republic of South Africa*, 88 F.R.D. 75, 77 (E.D. Pa. 1980). The court must consider whether the litigant's motives are tainted by a surreptitious effort to bypass foreign discovery rules; however, that consideration cannot serve as the sole determining factor because the statute does not reference a requirement of discoverability under the foreign country's laws. *In re Metallgesellschaft, AG*, 121 F.3d 77 (2d Cir. 1997).

*Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 91-92 (3d Cir. 2010). In light of such authority, this Court does not believe that a stay is necessary for the stated purpose of awaiting a ruling by the Italian court on any disputes as to the scope of permissible discovery under foreign law, as any such ruling is neither binding nor dispositive on any arguments the parties may have regarding the subpoena at issue in this action. *Id.* With that said, SMS suggests that it may lodge objections to the subpoena if the stay is not granted and that it would require the entry of a protective order prior to serving responsive documents. (Docket No. 13). Pursuant to § II.N of this Court's Practices and Procedures, the parties must <u>meet</u> and <u>confer</u> in an effort to resolve any such disputes prior to filing discovery motions, and any such motions must include a certificate of conferral. *See Practices and Procedures of Judge Nora Barry Fischer*, § II.N, *available at*: http://www.pawd.uscourts.gov/sites/pawd/files/PandPJudgeNoraBarryFischer.pdf/

3

(eff. 9/19/17). Further, this Court also emphasizes that exchanges of email correspondence among counsel do not suffice to meet the conferral requirements. *Id.*

For all of these reasons,

IT IS HEREBY ORDERED that SMS' Motion to Stay [6] is DENIED;

IT IS FURTHER ORDERED that counsel for Danieli and SMS shall <u>meet</u> and <u>confer</u> in a good faith effort to resolve any disputes as to the scope of the subpoena and to agree upon a stipulated protective order by **June 13, 2018**; and,

FINALLY, IT IS ORDERED that the parties shall file a Joint Status Report by **June 13, 2018**.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.